IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUPERIOR OIL COMPANY, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. _____ |
| v. | ) ) | |
| SOLENIS TECHNOLOGIES L.P., a Delaware corporation, and SOLENIS, LLC, a Delaware corporation, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## COMPLAINT FOR PATENT INTERFERENCE

Plaintiff Superior Oil Company, Inc. ("Superior") brings this Complaint for patent interference, pursuant to 35 U.S.C. § 291, against Defendants Solenis Technologies, L.P. and Solenis, LLC (collectively, "Solenis") and alleges as follows:

## NATURE OF ACTION

1.      Superior seeks an adjudication, pursuant to 35 U.S.C. § 291, (1) that an interference-in-fact exists between U.S. Patent No. 8,962,059 (the "'059 Patent") and U.S. Patent No. 8,841,469 (the "'469 Patent"), and (2) that the inventors of the '059 Patent were first to invent the subject matter of the interfering claims.

2.      The '059 Patent issued on February 24, 2015. Its parent utility application was filed on May 27, 2011, naming Christopher S. Froderman and William C. Hildebrand as inventors. Superior is the owner of the '059 Patent. A copy of the '059 Patent is attached as **Exhibit A**.

3.      The '469 Patent issued on September 23, 2014. Its parent utility application was filed on February 10, 2012, naming Paul W. Shepperd, McCord Pankonen, and Jeffrey T. Gross

01:16727770.1

as inventors. It claims priority to provisional application US 2012/0245370, filed March 21, 2011.  Solenis Technologies, L.P. of Wilmington, Delaware purports to be assignee of the '469 Patent. A copy of the '469 Patent is attached as **Exhibit B**.

4.      The '059 Patent and the '469 Patent are collectively referred to as the "Patents-in-Suit."

## THE PARTIES

5.      Superior is a corporation organized and existing under the laws of the State of Indiana, having a principal place of business at 1402 North Capitol Avenue, Suite 100, Indianapolis, Indiana 46202.

6.      Superior is a private, independent supplier of chemical products and services to U.S. industries. Superior supplies and advises on the use of many chemicals including alcohols, solvents, esters, and surfactants. Superior's production facilities are located in the Midwest and South, including Illinois, Indiana, Kentucky, Missouri, Ohio, Tennessee, and South Carolina.

7.      On information and belief, Solenis Technologies, L.P. is a limited partnership organized and existing under the laws of the State of Delaware, having a principle place of business at 500 Hercules Road, Wilmington, Delaware 19808.

8.      On information and belief, Solenis Technologies, L.P.'s facilities are co-located with Solenis, LLC's facilities in Wilmington, Delaware.

9.      On information and belief, Solenis, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principle place of business at 500 Hercules Road, Wilmington, Delaware 19808.

10.     On information and belief, Solenis Technologies, L.P. is commonly owned with Solenis, LLC.

01:16727770.1

11.     Solenis, LLC describes itself in multiple press releases as "a leading global producer of specialty chemicals for the pulp, paper, oil and gas, chemical processing, mining, biorefining, power and municipal markets. . . . [T]he company has 30 manufacturing facilities strategically located around the globe ….."[1]

12.     Solenis, LLC purports to have substantial rights in the '469 Patent. On November 3, 2014, Solenis, LLC issued a press release stating that U.S. Patent No. 8,841,469 was "issued to Solenis on September 23, 2014," and that "Solenis has the right to exclude others from practicing" the invention. *Id.*  The document entitled Frequently Asked Questions About Solenis' Corn Oil Extraction Patent, published on the Solenis, LLC website, states, "The awarding of the ['469] patent means that with respect to Solenis' patented corn oil extraction method, Solenis has the right to exclude others from making, using, offering for sale or selling the invention throughout the United States." [2]  Solenis, LLC declared its authority to enforce the '469 Patent: "[W]e will defend our intellectual property, including patent rights, in any manner we deem appropriate to protect any actual or potential violation of those rights." *Id.*

## JURISDICTIONAL STATEMENT

13.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338(a), and 35 U.S.C. § 291.

14.     This Court has personal jurisdiction over Solenis Technologies, L.P. On information and belief, Solenis Technologies L.P. is incorporated in Delaware and headquartered

---

[1] *See*, **Exhibit C**: Solenis, LLC Press Release, November 03, 2014. Downloaded from http://solenis.com/en/news-events/news/corn-oil-extraction-aid-inventor-gets-pat-ent-back/?eID=68
[2] *See*, **Exhibit D**: Solenis, LLC *Frequently Asked Questions About Solenis' Corn Oil Extraction Patent*, dated November 03, 2014. Downloaded from http://solenis.com/files/8714/1538/4281/Corn_Oil_Extraction_Patent_FAQ.pdf.

in Wilmington, Delaware. Solenis Technologies, L.P. maintains substantial, continuous, and systematic contacts in Delaware. Solenis Technologies, L.P. has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being sued in this jurisdiction.

15.     This Court has personal jurisdiction over Solenis, LLC. On information and belief, Solenis, LLC is incorporated in Delaware and headquartered in Wilmington, Delaware. Solenis, LLC maintains substantial, continuous, and systematic contacts in Delaware. Solenis, LLC has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being sued in this jurisdiction.

16.     Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391, 1400(b) because Solenis resides in and has a regular and established place of business in this district. The first named inventor on the '469 Patent, Paul W. Shepperd, purports to reside in Newark, Delaware.

## FACTUAL BACKGROUND

17.     The production of ethanol from sugar-based feed stocks, such as corn, is a long-established and widely practiced process. In the most common production process, dry milling, the corn kernel is ground into flour and fermented, to yield ethanol. [3]  The ethanol is further refined and sold as fuel.

18.     The leftover material, or byproducts, includes grains and solubles. The byproducts are commonly used in livestock feed. Significant amounts of corn oil remain in the byproducts. Chemical surfactants can be used to facilitate the separation of the oil from the byproducts. The Patents-in-Suit claim a method for recovering oil from the byproducts of ethanol production

---

[3]*See*, Exhibit A at Column 1, '059 Patent Background of the Invention. See also, Exhibit B at Column B, '469 Patent Background of the Invention, Column 1.

01:16727770.1

using various surfactants, including polyoxyethylene (20) sorbitan monooleate, which is a functionalized polyol derived from a sorbitan.

## FIRST COUNT

Interfering Subject Matter Under 35 U.S.C. § 291 Between Claims of U.S. Patent No. 8,962,059 and Claims of U.S. Patent No. 8,841,469.

19.     Superior restates and realleges each of the assertions set forth in the above paragraphs.

20.     The Patents-in-Suit were filed before March 16, 2013, the effective date of the first-inventor-to-file provisions of the America Invents Act ("AIA"); therefore the provisions of the Patent Act in force prior to that legislation with respect to priority disputes govern this case. Pursuant to the provisions of 35 U.S.C. § 291 in force at the time of invention, "[t]he owner of an interfering patent may have relief against the owner of another by civil action, and the court may adjudge the question of validity of any of the interfering patents, in whole or in part."

21.     On information and belief, the inventors of the '059 Patent conceived of and, with their assignees, diligently reduced to practice in the United States the inventions claimed in the '059 Patent before the named inventors of the '469 Patent conceived of and, with their assignees, reduced to practice the invention claimed in the '469 Patent. Therefore, Superior has priority of invention for the claims of the '059 Patent over the claims of the '469 Patent.

22.     The inventors and assignees of the '059 Patent did not abandon, suppress, or conceal their invention.

23.     At least claims 1, 2, and 3 of the '059 Patent and claims 1-8, 10-13, and 19 of the '469 Patent encompass within their scope a method of recovering oil from an ethanol production

01:16727770.1

byproduct stream using various surfactants, including polyoxyethylene (20) sorbitan monooleate, which is a functionalized polyol derived from a sorbitan.

24.     The aforementioned claims of the '059 Patent comprise patently indistinct variants of the aforementioned claims of the '469 Patent and vice versa.

25.     An interference-in-fact exists between one or more claims of the '059 Patent and one or more claims of the '469 Patent, within the meaning of 35 U.S.C. § 291.

26.     Superior reserves the right to assert different or additional claims as discovery unfolds.

27.     Since the '059 Patent has priority of invention over the '469 Patent, the interfering claims of the '469 Patent are invalid under 35 U.S.C. §102(g)(1), as it provided at the time of invention.

## PRAYER FOR RELIEF

WHEREFORE, Superior prays for judgment and relief as follows:

A.      A declaration that an interference-in-fact exists between claims of the '059 Patent and the '469 Patent;

B.      A declaration that the inventors of the '059 Patent are the first inventors of the subject matter of the interfering claims of the '059 Patent and the '469 Patent;

C.      A declaration that the interfering claims of the '469 Patent are invalid;

D.      An award of attorneys' fees and costs pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

E.      Such further and additional relief as this Court deems just and proper.

01:16727770.1

OF COUNSEL:

KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
Paul J. Zoeller
700 Louisiana Street, Suite 2200
Houston, TX  77002
(713) 220-8800
*PZoeller@kasowitz.com*

Steven C. Carlson
Kevin Pasquinelli
333 Twin Dolphin Drive,
Suite 200
Redwood Shores, CA 94065
(650) 453-5416
*SCarlson@kasowitz.com*
*KPasquinelli@kasowitz.com*

Dated: February 24, 2015

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
*apoff@ycst.com*
*msquire@ycst.com*

*Attorneys for Plaintiff*
*Superior Oil Company, Inc.*

01:16727770.1

- 7 -